# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2829

_____

| | | |
|---|---|---|
| Joel C. Peterson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Burlington Northern and Santa Fe | * | |
| Railway Company, a | * | [UNPUBLISHED] |
| Delaware corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 12, 2001

Filed: July 6, 2001

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Burlington Northern and Santa Fe Railway Corporation (BNSF) refused to allow Joel Peterson to return to work for a period of 30 months following a medical leave of absence. Peterson sued BNSF under the Americans with Disabilities Act (ADA), 42

U.S.C. §§ 12101-12213.  We now affirm the district court's[1] grant of summary judgment in favor of BNSF.

In 1991, Peterson suffered a head injury on the job.  He eventually took BNSF-approved sick leave in April 1994.  In November 1994, Peterson sued BNSF under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51.  Peterson's treating physician opined that Peterson had a permanent disability, while BNSF's doctors believed that Peterson could return to work.  The parties settled the case after BNSF tendered a $120,000 offer of judgment.

In June 1996, Peterson informed BNSF of his intention to return to work.  BNSF replied that Peterson could not return because the FELA settlement was designated "Out-of-Service," meaning that Peterson had left BNSF's employ.  No further communications occurred until, by coincidence, in early 1997, BNSF sent Peterson a notice requesting that he take a physical to update his driver certification.  Peterson believed that the notice signaled his return to work; he took and passed the physical, then contacted his union official.

A union official interceded on Peterson's behalf and Mike Collins, a BNSF official unfamiliar with Peterson's employment history, permitted him to return to work after obtaining a medical release from his new doctor.  A short time later, BNSF officials removed Peterson from service pending a medical release by BNSF's Medical Department.  They explained to the union official that Peterson's own medical release was unacceptably incomplete because it did not address the conclusion by Peterson's FELA doctor that Peterson was permanently disabled.

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

In January 1998, BNSF convened a Medical Board inquiry to ascertain Peterson's status. After a series of false starts and delays, the Board recommended that Peterson be returned to full active duty effective August 1998. Peterson actually returned to work in November 1998, and he is presently employed by BNSF.

Prior to his return to work, Peterson sued BNSF alleging discrimination on the basis of disability. He sought both damages and injunctive relief. Although the injunctive relief component of Peterson's complaint was mooted when he returned to work, Peterson maintained his suit for damages. The district court granted BNSF's motion for summary judgment. The court assumed that Peterson was disabled for purposes of the ADA. The court then determined that BNSF had articulated legitimate, non-discriminatory reasons for delaying Peterson's return to work, and that Peterson had adduced no proof that BNSF's stated reasons were pretextual.

The parties and the district court adopted the legal framework we employ in cases where an employee is discharged, even though in this case, Peterson was not terminated, but only temporarily prevented from returning to work. We adopt the parties' framework for purposes of this opinion, and we review de novo the district court's grant of summary judgment. Cooper v. Olin Corp., 246 F.3d 1083, 1087 (8th Cir. 2001) (citation omitted).

We agree entirely with the district court's conclusions that (1) BNSF stated legitimate reasons for its treatment of Peterson, and (2) Peterson failed to produce evidence that BNSF's reasons were in fact pretextual. BNSF believed that Peterson's FELA settlement precluded him from returning to work. This belief was eminently reasonable in light of the expert opinion of Peterson's FELA treating physician that Peterson was permanently disabled and could not return to work. Thereafter, it was reasonable for BNSF to demand clarification from Peterson's new physician that his condition had improved to the point where Peterson could return to work at BNSF. Peterson casts aspersions on these reasons, but he provides no evidence that calls into

question the non-discriminatory motivations of the BNSF employees who handled his case. It may well be that BNSF dallied somewhat in responding to certain of Peterson's requests, but the evidentiary record in this case does not give rise to the inference that BNSF delayed proceedings because of Peterson's disability. We reject out of hand Peterson's claims that the district court unfairly "weighed" the evidence presented at the summary judgment phase, or failed to interpret the facts in evidence in his favor.

We therefore affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.